J-S15012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW R. DANIELS AND YOCELIN HERNANDEZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GORDON D. FISHER | : | |
| | : | No. 1437 WDA 2019 |
| Appellant | : | |

Appeal from the Judgment Entered September 17, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): AR 18-003466

BEFORE: BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 8, 2020**

In this landlord/tenant action, Appellant, Gordon D. Fisher (Landlord),

appeals *pro se* from the trial court's judgment in favor of Appellees, Matthew

R. Daniels and Yocelin Hernandez (Tenants), in the amount of $14,635.[1] After

careful review, we affirm.

_____

* Former Justice specially assigned to the Superior Court.

[1] While Landlord purported to appeal from the order entered August 7, 2019, denying his post-trial motion, the appeal properly lies from the judgment entered on September 17, 2019. *See Johnson the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*). Furthermore, although Landlord's appeal was filed prior to the entry of judgment, we have held that "jurisdiction in appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment." *Id.* at 513. We have corrected the caption accordingly.

Tenants provide the following summary of the facts and procedural history of this case, to which [Landlord] has not objected:[2]

> This case was initiated by a September 19, 2018 appeal from the judgment of a magisterial district judge in favor of [Tenants]. [Tenants] are husband and wife and former residential tenants of [Landlord], who is an attorney representing himself. [Tenants] leased an apartment in a duplex owned by [Landlord] at 212 West Street, 2nd Floor, Pittsburgh, PA 15221. [Tenants] signed their lease with "The Maerlin Company," which is not incorporated and was a fictitious name used by [Landlord].[1] As [Tenants] could not locate a signed copy of the lease, they attached an unsigned version to their Complaint. Appellee Yocelin Hernandez ("Hernandez") has at all relevant times been a service member of the U.S. Navy.
>
> > [1] The name of [Landlord] in the caption in this case is "Gordon D. Fisher d/b/a The Maerlin Company" as was indicated by the participant list on the magisterial district judge Notice of Judgment. In some instances[,] the [trial] court and [Landlord] have omitted the "d/b/a The Maerlin Company" portion of the name of [Landlord].
>
> At the initiation of the lease term on May 19, 2016, [Tenants] paid [Landlord] the sum of $2,050.00 for a security deposit and an additional $1,025 for rent for June [of] 2016. [Landlord] issued [Tenants] a handwritten receipt for the payments. The Lease was renewed under its terms for an additional term from June 1, 2017 through May 30, 2018. During this renewal term, on October 30, 2017[,] Hernandez received travel orders from the U.S. Navy for temporary duty in excess of three months.
>
> On December 7, 2017[,] Appellee Matthew Daniels ("Daniels") notified [Landlord] via certified mail and by personal delivery of the military travel orders [of] the intent to thereby terminate the Lease by operation of law. [Tenants] vacated the Property on December 15, 2017[,] and provided [Landlord] with a forwarding address in writing. [Tenants] paid [Landlord] all rent amounts

_____

[2] We note that the trial court did not provide a factual or procedural history in its Pa.R.A.P. 1925(a) opinion.

through January 6, 2018, which was calculated to be the lease termination date pursuant to 51 Pa.C.S. § 7315.1(a).

[Landlord] failed to return to [Tenants] their security deposit within 30 days[,] or provide them with a list of claimed damages. [Tenants] received no writing or other justification for withholding the security deposit from them until this litigation initiated.

[Landlord] filed an appeal of the magistrate decision on September 19, 2018[,] and listed his address as counsel as: Fourth Floor, Three Gateway Center, Pittsburgh, PA 15222. On October [8], 2018[,] [Tenants] filed a Complaint alleging counts under the Pennsylvania Landlord and Tenant Act, as amended, under 68 P.S. § 250.512(c) (Count I) and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) (Count II). On November 27, 2018, [Tenants] timely served [Landlord] with Evidence Admissible Pursuant to Pa.R.C.P. 1305 containing Temporary Additional Duty (TEMADD) Travel Orders from the U.S. Navy, a USPS tracking receipt, and a Navy Federal Credit Union Transfer Receipt.

During the pleadings stage[, Tenants] duly presented a Motion for Sanctions against [Landlord] which was granted on January 9, 2019[,] awarding $600 in attorney's fees to [Tenants]. The subject of the motion for sanctions was [Landlord's] improper filing of an arbitration hearing continuance stipulation representing that he had obtained the consent of [Tenants] when in fact he had not.

[Tenants] were relocated to a military base in Japan prior to the hearing date. On January 9, 2019[,] [Tenants] motioned the court and were granted the ability to participate in all court proceedings via telephone. The case was heard at compulsory arbitration on February 27, 2019[,] and [Tenants] were awarded $5,810.00.

On March 27, 2019 [Landlord] timely appealed the arbitration award. On March 28, 2019[, Landlord] filed a Reply to New Matter, again endorsing his address on the pleading as: Fourth Floor, Three Gateway Center, Pittsburgh, PA 15222-1004. Notably, this was to be [Landlord's] last filed pleading before the case was scheduled for trial. This is also the address listed in the docket for [Landlord, acting as his own counsel].

The case was scheduled for a non-jury trial on July 23, 2019. The trial court, in its Memorandum in Lieu of Opinion, stated that

court staff called and left [Landlord] a message prior to issuing the July 12, 2019 scheduling order. The trial court wrote[,] "The [c]ourt received no response back, and on July 12, 2019[,] an Order was sent to Attorney Fisher at the address provided in the docket: 4th Floor, Three Gateway Center, Pittsburgh, PA 15222." On July 23, 2019[, Tenants'] counsel appeared for trial but [Landlord] … failed to appear. The trial court and [Tenants'] counsel both called [Landlord,] only to be prompted to leave another voicemail. The court and [Tenants] delayed the trial by over an hour to attempt to phone [Landlord], but [Landlord] did not respond or answer.

At trial, with [Tenants] appearing via telephone from Japan, testimony and a record were developed through documents. [Tenants'] counsel provided summary to the trial court along with exhibits, some of which had been part of [Tenants'] Pa.R.C.P. 1305 statement, [and Tenants'] and [Landlord's] pleadings, all of which were introduced as evidence in this case and made part of the record. At the conclusion of the trial[,] the [court] issued a [v]erdict in favor of [Tenants] and against [Landlord] in the amount of $14,635.00.

Tenants' Brief at 6-11 (citations to the record omitted).

On August 1, 2019, Landlord filed a post-trial motion, which the trial court denied on September 12, 2019. Landlord filed a timely notice of appeal. Tenants thereafter praeciped for the entry of judgment on September 17, 2019. The court ordered Landlord to file a Pa.R.A.P. 1925(b) statement, and he timely complied. The court thereafter filed a Rule 1925(a) opinion.

Herein, Landlord states two issues for our review, which we reproduce *verbatim* (except for modifying the parties' names):

1. Whether the trial court abused its discretion in an error or misapplication of the law, failure to follow proper legal procedure, or in a manifestly unreasonable determination in denying [Landlord's] post-trial motion regarding lack of notice of trial?

2. Whether the trial court abused its discretion in an error or misapplication of the law, failure to follow proper legal procedure,

or in a manifestly unreasonable determination based upon the statements of [Tenants'] counsel as the basis for its award and based upon exhibits and trial aids which were not offered into evidence?

Landlord's Brief at 4-5 (unnecessary capitalization and emphasis omitted).

Preliminarily, we note that Landlord presents three separate issues in his Argument section of his brief, beginning with a claim that was not set forth in his Statement of the Questions Involved. Specifically, he contends that the trial court erred in entering judgment in favor of Tenants where their termination of the lease did not comply with the requirements of 50 U.S.C. § 3955(d)(1) of the Servicemembers Civil Relief Act. *See id.* at 14-15. Pennsylvania Rule of Appellate Procedure directs that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Therefore, we will not consider this claim.

In Landlord's next issue, he avers that the court erred by proceeding with the non-jury trial in his absence. Landlord claims that the notice of trial

was sent to his office address in the same building but on a different floor, from which he had moved three months earlier. A change of address was in effect at all times through the U.S. Postal Service, however the trial notice was nonetheless returned by the U.S. Postal Service to the [trial judge's chambers].

Landlord's Brief at 16. Landlord contends that this "constitutes a breakdown in the system" that requires a new trial. *Id.* at 19.

We disagree. Pennsylvania Rule of Civil Procedure 218 states, in pertinent part:

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

> (1) proceed to trial, or,

> (2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.C.P. 218(b)-(c).   In the note to Rule 218, it states: "A decision of the court following a trial at which the defendant failed to appear is subject to the filing of a motion for post-trial relief which may include a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear."  Pa.R.C.P. 218, Official Note.

Here, Landlord filed a post-trial motion claiming that he did not receive notice of the trial at his new address.  In rejecting this excuse, the trial court explained that prior to sending the trial notice, it had attempted to

> contact both counsel [for Landlord and Tenants] and schedule an agreeable date for the *de novo* hearing on [Landlord's] appeal.
>
> The docket entries did not disclose a telephone number for [Landlord], but one was found in the file.  This [c]ourt tried to contact [Landlord] at that number.  A phone call to [the listed phone number] did verify that it was [Landlord's] number and prompted the [c]ourt to leave a message.  A message was left informing [Landlord] that this [c]ourt was scheduling a hearing date for his appeal and to contact the [c]ourt.  The [c]ourt received no response back, and on July 12, 2019[,] an Order was sent to [Landlord] at the address provided in the docket: 4th Floor, Three Gateway Center, Pittsburgh PA 15222.   This address appeared on the docket sheet in a box marked "Defendant's Attorney."
>
> At the July 24, 2019 hearing, [Landlord] failed to appear, but prior to taking any testimony, this [c]ourt and opposing

- 6 -

counsel telephoned him, only to be prompted to leave another phone message.

Therefore, after testimony was taken, a [d]efault [v]erdict was entered in favor of [Tenants]. It is this [c]ourt's position that [Landlord] is not entitled to [relief on] appeal, since he failed to provide an address where he can receive important communications from the [c]ourt and [o]rders[,] such as the August 6, 2019 Order denying his Post-Trial Motion. That Order was returned [as] "Not deliverable as addressed."

This failure was completely due to [Landlord's] neglect to correct the docket. Since the [a]ppeal, this [c]ourt did receive communications from [Landlord] on his letterhead[,] which contained a different address, but the same phone number which was used to contact him prior to trial. Therefore, it was also [Landlord's] neglect to check his phone messages, which contributed to his failure to appear.

For the foregoing reasons, [Landlord's] failure to appear was unexcused[,] and the default verdict in favor of [Tenants] should not be subject to appeal.

Trial Court Opinion, 10/31/19, at 1-2.

We discern no abuse of discretion in the court's decision to reject Landlord's excuse for his failure to appear at trial. Landlord concedes that he changed his address approximately three months before the court mailed its notice of trial in July of 2019. *See* Landlord's Brief at 16. Nevertheless, Landlord does not dispute that he failed to notify the court of his new address, or correct the address listed on the court's docket. He also did not return the multiple telephone calls made to him by the court and opposing counsel. Consequently, the court did not err in conducting the trial in Landlord's absence.

Next, Landlord challenges the sufficiency of the evidence to sustain the court's verdict in favor of Tenants. He argues that the verdict was based only

on arguments by Tenants' counsel, and exhibits and trial aids that were never admitted as evidence.

The record belies Landlord's claims. First, Tenants' counsel presented a document to the court that summarized the damages that Tenants were seeking. N.T. Trial, 7/23/19, at 5. The court admitted this document as evidence, directing that it be "marked as an exhibit and placed in the record of this case." *Id.* at 7. As Landlord was not there to object, he cannot now argue that it should not have been admitted because there was no "testimony by a witness to corroborate the contents thereof." Appellant's Brief at 23; *see also Bell v. City of Philadelphia*, 491 A.2d 1386, 1390 (Pa. Super. 1985) ("To avoid waiver, a party must make a timely objection.").

Second, Tenants' counsel presented the court with eight exhibits, including a copy of the lease; a receipt from Landlord for Tenants' $2,050 security deposit; emails between Landlord and Tenants regarding their termination of the lease; a letter sent by Tenants to Landlord terminating the lease and providing copies of Tenants' military orders for relocation; a letter to Landlord from Tenants' attorney explaining that the lease had been terminated, and requesting that Landlord return Tenants' security deposit; photographs of the apartment showing that Tenants had left it relatively clean and undamaged; and copies of the legal invoices that Tenants had paid to their attorney. *Id.* at 8-11. The court effectively admitted those documents by directing counsel to "submit all of those exhibits[,]" and stating that it would "put all of them in the file." *Id.* at 13.

Therefore, contrary to Appellant's argument, the court's verdict was premised on evidence that was admitted into the record, without objection from Landlord, who was absent from the trial without a satisfactory excuse. Accordingly, no relief is due.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2020